UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>    Petitioner,<br><br>v.<br><br>ROB BONTA, Warden,<br><br>    Respondent. | Case No. 22-cv-03487 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>(Docket Nos. 2, 10, 12) |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The matter was reassigned to the Undersigned on November 29, 2022. Dkt. No. 14. Petitioner moves for leave to proceed *in forma pauperis*. Dkt. Nos. 2, 10, 12.

## BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Santa Clara County Superior Court of felony child endangerment and second degree murder. Dkt. No. 1 at 1. Petitioner was sentenced to 21 years to life in state prison on April 27, 1993. *Id.*

Petitioner asserts that he exhausted all state remedies before filing this petition. Dkt. No. 1 at 19.

Petitioner filed the instant federal habeas petition on June 14, 2022. He raises four grounds for relief: (1) he was deprived of his constitutional rights including competent legal assistance, present a legal defense, due process, equal protection, rebuttal clause, compulsory process, and fair and speedy trial; (2) he was "conspiratorially deprived" of his constitutional rights on direct appeal; (3) his rights under the Eighth Amendment have been violated during his incarceration, including being subject to "experimentation," denial of adequate healthcare, and obstruction to adequate access to the courts; and (4) he has been the "victim of crime of hate by respondent and its prison officials for more than 20 years now." Dkt. No. 1 at 17-19.

## DISCUSSION

### I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)). The court may order the respondent to file another pleading where neither service nor summary dismissal is appropriate. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

### II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for

a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on April 27, 1993. Dkt. No. 1 at 1. Even assuming Petitioner is entitled to tolling for the entire time that his direct appeal and any collateral proceedings were pending in the state courts, nearly three decades passed since he was sentenced before he filed the instant federal habeas action on June 14, 2022. Dkt. No. 1. Accordingly, there is a clear issue of whether the instant petition is timely.

This apparent procedural problem should be addressed before the Court reaches the merits of the cognizable claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the substantive claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

III.   **Non-habeas Claims**

Plaintiff's claims under grounds (3) and (4) include allegations that are not

3

grounded in habeas and must be dismissed. *See supra* at 2. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500). Here, Plaintiff's claims involving conditions of confinement and violation of his rights during his imprisonment do not lie at the "core of habeas corpus," and success on those claims would not require release from custody or a shortening of his sentence. Therefore, Petitioner's sole remedy for such claims attacking conditions of confinement is by filing a § 1983 action. *See Nettles*, 830 F.3d at 931.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here because this habeas action will proceed on what appear to be cognizable claims under grounds (1) and (2). Accordingly, claims under grounds (3) and (4) are DISMISSED without prejudice to filing in a § 1983 action.

///

///

///

4

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The claims under grounds (3) and (4) of the petition are DISMISSED without prejudice. If Petitioner wishes to pursue these claims, he must file a § 1983 action and pay the filings fees.

2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve upon Petitioner, within **thirty-five (35) days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

4. If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent within **twenty-eight (28) days** of his receipt of the motion to dismiss.

5. Respondent shall file and serve a reply within **fourteen (14) days** of receipt of Petitioner's opposition.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.  Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved of his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be extended.

9.  Petitioner's motion for leave to proceed *in forma pauperis* is GRANTED. Dkt. No. 10. All other related motions shall be terminated as moot. Dkt. Nos. 2, 12.

This order terminates Docket Nos. 2, 10, and 12.

**IT IS SO ORDERED.**

Dated:  ___November 29, 2022____

_____
BETH LABSON FREEMAN
United States District Judge

Order Requesting MTD
PRO-SE\BLF\HC.22\03487Calderon_req.mtd