UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,[1]<br><br>Respondent. | Case No. 22-cv-03487 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY; DENYING OTHER MOTIONS AS MOOT**<br><br>(Docket Nos. 16, 22, 25) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Dkt. No. 1. The Court screened the petition and found that since Petitioner was sentenced in 1993, the issue of timeliness first needed to be addressed. Dkt. No. 15 at 3. The Court directed Respondent to address this issue in an initial response. *Id.* Respondent filed a motion to dismiss the petition as

---

[1] Respondent points out that Petitioner erroneously named the Attorney General, Rob Bonta, as Respondent. Dkt. No. 16 at 1, fn. 1. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. *See Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The Court will deem the petition amended to name the proper Respondent as Warden Patrick Covello. *See Dubrin v. California*, 720 F.3d 1095, 1100 (9th Cir. 2013).

untimely and wholly unexhausted. Dkt. No. 16. Petitioner filed an opposition, Dkt. No. 17, and Respondent filed a reply, Dkt. No. 18.

Subsequently, Petitioner filed additional papers which appear to be sur-replies to Respondent's reply along with motions for "general relief." Dkt. Nos. 19, 21, 20, 22, 24, 25. In its initial order, the Court stated that Respondent's motion would be deemed submitted as of the date the reply brief is due. Dkt. No. 15 at 5. Furthermore, Petitioner did not obtain court approval prior to filing the additional briefing as required under Local Rule 7-3(d). Accordingly, the sur-replies will not be considered.

For the reasons set forth below, Respondent's motion to dismiss the petition is GRANTED.

## I. BACKGROUND

In March 1993, a Santa Clara County Superior Court jury found Petitioner guilty of second degree murder of his month-old son and two counts of felony child endangerment. Dkt. No. 16 at 2; Dkt. No. 16-1 at 3. The trial court sentenced Petitioner to 21 years to life in state prison. *Id.*

In 1994, the California Court of Appeal affirmed the conviction in an unpublished opinion. Dkt. No. 16-1.

Petitioner did not petition for review in the California Supreme Court. Dkt. No. 16 at 2.

A review of the California Appellate Courts Case Information website shows that Petitioner filed habeas petitions in the California Court of Appeal in 1997 (No. H017544) and in 2012 (No. H038953). *Id.*

On June 6, 2021, Petitioner filed a habeas petition in the Santa Clara County Superior Court, which denied the petition on September 13, 2021. Dkt. No. 1 at 35-36.

In November and December 2021, Petitioner filed two additional habeas petitions in the Santa Clara County Superior Court, one of which was denied in February 2022. *Id.* at 31.

The California Appellate Courts Case Information website indicates that Petitioner filed habeas petitions in the California Court of Appeal in 2022 (Nos. H050012, H050306, H050574). The website also reveals that Petitioner filed an appeal from the superior court's denial of a resentencing petition in the California Court of Appeal in 2022 (No. H050107).

The website shows that no petitions for review or habeas petitions were filed by Petitioner in the California Supreme Court before he filed the instant action on June 14, 2022. Dkt. No. 1.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2).

Here, Petitioner's 1993 conviction became final <u>before</u> April 24, 1996, when AEDPA became law. AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitations period to commence

before AEDPA's enactment would have an impermissible retroactive effect), *cert. denied*, 523 U.S. 1, *and cert. denied*, 523 U.S. 1061 (1998), *overruled in part on other grounds by Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *cert. denied*, 526 U.S. 1060 (1999).  A prisoner with a state conviction finalized before April 24, 1996, therefore had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Respondent asserts that since Petitioner's 1993 conviction became final before AEDPA became law on April 24, 1996, he had until April 24, 1997, to file a timely federal habeas petition.  Dkt. No. 16 at 3.  Respondent also asserts that Petitioner's first habeas petition was filed in the California Court of Appeal on October 17, 1997 (No. H017544), which was six months after the limitations period expired on April 24, 1997.  *Id.* Respondent asserts, therefore, that the first petition and all of Petitioner's subsequent state petitions did not toll the statute of limitations period.  *Id.*  Respondents contends that because the instant action was filed over two decades after the AEDPA limitations expired on April 24, 1997, it should be dismissed with prejudice.  *Id.*

4

In opposition, Petitioner does not dispute the untimeliness of the instant action. Dkt. No. 17. Rather, he asserts generally that his rights were violated by the conviction and that he is being unlawfully confined, which are the arguments he raised in the petition. *Id.* at 2-3. He seeks "equitable relief to be legally deported back to Mexico or transferred to Mexico." *Id.* at 4. In reply, Respondent asserts that Petitioner offers no justification in his opposition for his failure to file a timely federal petition. Dkt. No. 18 at 1.

After a careful review of the papers, the Court finds the instant action is untimely. As Respondents have clearly shown, Petitioner filed the action decades after the limitations period expired on April 24, 1997. Petitioner is not entitled to statutory tolling because his first state petition was filed months after the limitations period had already expired. *See Ferguson*, 321 F.3d at 823. Nor does Petitioner set forth any basis for equitable tolling in opposition. Dkt. No. 17. The Court notes that Petitioner moved for "equitable tolling" in two subsequent motions filed after this matter was submitted which are unauthorized sur-replies. *See supra* at 2, Dkt. Nos. 22, 25. However, even if the Court were to consider these papers, Petitioner has not sufficiently alleged any reason to toll the statute of limitations therein.

Based on the foregoing, the petition must be dismissed in its entirety as untimely. Respondent's motion to dismiss based thereon should be granted.

B.  **Exhaustion**

Respondent also asserts that the claims are wholly unexhausted. Dkt. No. 16 at 4.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must

present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id*. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner raises several claims in his federal petition. Dkt. No. 15 at 2, citing Dkt. No. 1 at 17-19. Respondent asserts that none of these claims were presented to the California Supreme Court. Dkt. No. 16 at 5. Petitioner does not dispute this fact in opposition. Dkt. No. 17.

Based on the foregoing, it is clear that none of the claims in this action were exhausted before Petitioner filed this action. The undisputed record of Petitioner's filing history in the state appellate court during the decades following his 1993 conviction shows that he did not seek a petition for review in the California Supreme Court after his direct appeal was denied, nor did he ever seek collateral review in the state high court. *See supra* at 2-3. Petitioner would normally be granted an opportunity to move for a stay to return to state court to exhaust the unexhausted claims under *Rhines v. Webber*, 544 U.S. 569, 277-78 (2005), but such an action would be futile because the petition is untimely as discussed above. *See supra* at 5. Accordingly, the Court must dismiss the petition for failure to exhaust all claims prior to filing. *See Rose*, 455 U.S. at 510.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 16. The petition for a writ of habeas corpus is **DISMISSED with prejudice** as untimely and for failure to exhaust state remedies prior to filing this action.

Petitioner's motions for relief are **DENIED** as moot. Dkt. Nos. 22, 25.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown

"that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 16, 22, and 25.

**IT IS SO ORDERED.**

Dated: _____August 16, 2023_____

						    _____
						    BETH LABSON FREEMAN
						    United States District Judge

Order Granting Motion to Dismiss; Denying COA; Other Motions
P:\PRO-SE\BLF\HC.22\03487Calderon_grant-mtd(sol&exh)